## J. E. CHANCE v. EAST TEX. R'Y CO.

(Case No. 1992.)

1. STATEMENT OF FACTS.— The necessity for obtaining an order of record in term time, for the approval and filing of a statement of facts after the adjournment of the term, again announced.

2. PLEADING — RIGHT OF WAY.— A railway company seeking an injunction against a defendant, to prevent interference by him with a right of way across land which the company claimed the right to enjoy, alleged that the company owned the right of way across an original survey before defendant acquired title to a subdivision of it, and that defendant's vendor received a deed for the portion claimed by him which contained an express reservation to the company to the right of way. The petition also alleged that plaintiffs had been in the constant possession and enjoyment of the right of way for a period of more than twenty-one years, except as obstructed by defendant's wrongful acts. *Held,* on demurrer:

   (1) That these allegations set forth a case of absolute title to the easement, independent of any claim of title by prescription or long possession.

   (2) The allegations of long possession must be construed as intended to negative the idea of forfeiture by abandonment or *non user* of the easement.

   (3) The easement being acquired before the subdivision of the survey, it was unimportant whether a tax deed to a subdivision of the land, under which defendant claimed, was valid or not.

   (4) The right to the easement being sufficiently set forth, it was unimportant whether the plaintiff stated facts sufficient to entitle it to the right of way by mere prescription.

APPEAL from Hardin. Tried below before the Hon. Edwin Hobby.

This suit was brought by the East Texas R'y Co. against the appellant Chance, and others, to enjoin their interference with a right of way claimed by plaintiff. The character of the claim is set forth in the opinion. Various exceptions to the action of the court were relied on, now deemed unimportant to notice, in view of the statement of facts being illegally filed, and of the opinion of the court.

*Tom J. Russell,* for appellant, cited: R. S., title 84, ch. 8; Hays *v.* T. & P. R'y Co., 62 Tex., 397; Tex. Law Rep., vol. 3, No. 7, p. 391; Armstrong *v.* Lewis, 69 Mo., 309; Graham *v.* R. R. Co., 36 Ind., 463; Hibbs *v.* Chicago R. R. Co., 39 Iowa, 340; Mills on Em. Domain, § 148; Strickland *v.* Parker, 54 Me., 263; 3 Wait's Act. & Def., 379, § 9; Railroad Co. *v.* Ferris, 26 Tex., 588.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— The statement of facts found in the record was approved and filed after the adjournment of the term of the

district court at which this cause was tried, and no order allowing this to be done was granted by the court. A motion has been submitted with the cause to strike the statement from the transcript, and for the reasons above stated the motion must prevail.

The only assignments of error that we can consider without a statement of facts are the two first, which bring in question the action of the court in overruling the general and special demurrers to the plaintiff's petition.

From the brief and argument of appellant's counsel, it seems that the ground upon which his general demurrer is sought to be supported is that the petition shows no title in plaintiff in the right of way over the entire one-third of a league granted to Perito. It is claimed that the plaintiff's title rests alone upon prescription and twenty-one years' user and enjoyment. This objection, too, is made the subject of one of the special exceptions.

We do not so understand the petition, nor is this a legitimate deduction to be drawn from its allegations.

It is plainly and distinctly charged in the petition that the plaintiff, or those under whom it claims by assignment, were the owners of the right of way over this entire tract long previous to the time when the title to the three hundred and fifty acres, claimed by the appellant Chance, had been severed from the title to the balance of the tract. Of course all conveyances of any portion of the tract, made subsequent to the acquisition of this easement, were subject to the privilege of the plaintiff to enjoy it over the portion of land conveyed, if in the line of the right of way thus acquired. The petition in fact alleges that the person who originally received from the owner of the entire one-third league a conveyance of the three hundred and fifty acres claimed by Chance, took it with an express reservation in the deed of this right of way in the plaintiff. It further states that the plaintiff's road had been constructed as far back as 1859 on this right of way, and that plaintiff and its assignors had been in the constant use, possession and enjoyment of the right from that time to the date of filing the suit — a period of more than twenty-one years — except so far as obstructed by the wrongful acts of the appellant.

These allegations make out a clear case of absolute title to the easement in the plaintiff independent of any claim of title by prescription or long possession. These latter allegations were evidently added for the purpose of showing that the right originally acquired had not been forfeited by *non user*, or failure to construct and operate the plaintiff's railroad over the land. A general allegation of

title was sufficient, at least as against the pleadings of the appellant, and no superadded averments introduced, not for the purpose of showing title, but that it had not been lost, and that the right of possession still existed, could qualify or weaken a right alleged to have been acquired before or at the time such possession commenced. Whether or not the plaintiff alleged sufficient facts to show itself entitled to the right of way by user and prescription is not therefore a question in the case.

The plaintiff having shown by the averments of the petition that it had a perfect right to the easement as against all persons claiming under the original purchaser of the three hundred and fifty acres of land to which Chance set up title under the tax deed, and Chance's title being derived, if at all, under such purchaser, it was unimportant whether the tax sale upon which Chance's deed was founded was legal or void.

He might have had a perfect chain of transfers from Ruff and Denman, and yet he would have held the land subservient to the plaintiff's right to operate its railroad over and through it. Hence all averments as to the illegal manner in which Chance had procured a tax title to the land were superfluous and unnecessary, and, if stricken out, the petition would have been good without amendment.

It is unnecessary, therefore, that the special demurrer relating to the want of proper allegations in the petition as to fraud in the tax deed should receive our consideration.

We are of opinion that the demurrers were properly overruled; that there was no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered January 27, 1885.]